**No. 50628.**—Protest 63022–K of A. Schmidt & Sons (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 50629.**—Protests 76232–K, etc., of Stone & Downer Co. et al. (Boston).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50630.**—Protests 82424–K, etc., of Universal Carloading & Distribg. Co., Inc., et al. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, OCTOBER 29, 1945

**No. 50631.**—Petition 6465–R of R. De Maio (New York).

Opinion by TILSON, J. The petition was dismissed.

**No. 50632.**— Petition 6476–R of Alberti Importing & Exporting Co. (Boston).

Opinion by LAWRENCE, J. An appeal for reappraisement was filed, but action thereon was suspended pending decision in another case involving similar merchandise shipped during 1936. (See *Luigi Vitelli Elvea, Inc.* v. *United States*, 9 Cust. Ct. 466, R. D. 4661, affirmed in *United States* v. *Luigi Vitelli Elvea, Inc.*, 11 id. 437, R. D. 5941.) Thereafter, said appeal for reappraisement was sub-

mitted for decision on a stipulation incorporating the record in the decided case, and final judgment was entered on the basis of export value at prices higher than the entered value. The court was of the opinion that the established facts in the instant case are analogous to those in Abstracts 49970 and 49986 and held that the observations of the court concerning the nature of the proof, the sufficiency thereof, and the character of the witnesses who appeared in the cited cases were equally applicable to and descriptive of the evidence submitted and of the witnesses who appeared herein. From an examination of the record and a consideration of the facts in the case, it was held that the entry of the merchandise at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 50633.**— Petition 6488–R of John C. Pappas, administrator of the estate of C. Pappas doing business as C. Pappas Co. (Boston).

Opinion by LAWRENCE, J. An appeal for reappraisement was filed, but action thereon was suspended pending decision in another case involving similar merchandise shipped during 1936. (See *Luigi Vitelli Elvea, Inc.* v. *United States*, 9 Cust. Ct. 466, R. D. 4661, affirmed in *United States* v. *Luigi Vitelli Elvea, Inc.*, 11 id. 437, R. D. 5941.) Thereafter, said appeal for reappraisement was submitted for decision on a stipulation incorporating the record in the decided case, and final judgment was entered on the basis of export value at prices higher than the entered value. The court was of the opinion that the established facts in the instant case are analogous to those in Abstracts 49970 and 49986 and held that the observations of the court concerning the nature of the proof, the sufficiency thereof, and the character of the witnesses who appeared in the cited cases were equally applicable to and descriptive of the evidence submitted and of the witnesses who appeared herein. From an examination of the record and a consideration of the facts in the case, it was held that the entry of the merchandise at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE SECOND DIVISION, OCTOBER 31, 1945

**No. 50634.**—Protest 81409–K of International Hat Co. (St. Louis).

Opinion by TILSON, J. The record showed that certain items of the merchandise consist of hats the same in all material respects as those the subject of Abstract 49691. Upon the established facts and following the authority cited the merchandise in question was held dutiable as claimed.

**No. 50635.**—Protest 969068–G of Henry Pollak, Inc. (New York).